IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION
IN ADMIRALTY

| | |
|---|---|
| CAL DIVE OFFSHORE CONTRACTORS, INC., CAL DIVE INTERNATIONAL, INC., and GULF OFFSHORE CONSTRUCTION INC., | * * * * * |
| Plaintiffs, | * * |
| v. | * Case No. 14-cv-00504 |
| | * |
| M/V SAMPSON, her engines, tackle, appurtenances, equipment, etc., *in rem*, and CVI GLOBAL LUX OIL AND GAS 4 S.a.r.l. and CARVAL INVESTORS, LLC, *in personam*, | * * * * * |
| Defendants. | * |

## VERIFIED COMPLAINT

NOW INTO COURT, through undersigned counsel, come plaintiffs, Cal Dive Offshore Contractors, Inc. ("CDOCI"), Cal Dive International, Inc. ("CDI"), and Gulf Offshore Construction, Inc. ("Gulf") for their verified complaint against defendants, M/V SAMPSON, her engines, tackle, appurtenances, equipment, etc., *in rem,* and CVI Global Lux Oil and Gas 4 S.a.r.l. ("CVI") and CarVal Investors, LLC ("CarVal"), *in personam*, allege upon information and belief as follows:

### JURISDICTION AND VENUE

I.

This is an admiralty and maritime claim within the jurisdiction of the United States and this Honorable Court, pursuant to 28 U.S.C. § 1333 and within the meaning of Federal Rules of

Civil Procedure Rule 9(h). This is an action to enforce a maritime lien *in rem* against the M/V SAMPSON, her engines, tackle, equipment, appurtenances, etc., under Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims and further against defendants CVI and CarVal pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims for maritime attachment, and *in personam* against defendants, CVI and CarVal.

II.

Venue is proper in this Court because the M/V SAMPSON is or soon will be within the district.

IDENTITY OF PARTIES

III.

At all material times, plaintiff CODOCI was and is a Delaware corporation, with its principal place of business in Houston, Texas.

IV.

At all material times, plaintiff CDI was and is a Delaware corporation, with its principal place of business in Houston, Texas.

V.

At all material times, plaintiff Gulf was and is a Delaware corporation, with its principal place of business in Houston, Texas. Gulf is wholly owned by CDI.

VI.

At all material times, the M/V SAMPSON was and is a Panamanian flagged vessel in navigation, having IMO No. 9429455, call sign HP 6245, and the registered owner of which is defendant, CVI.

VII.

Defendant, CVI, the owner of the M/V SAMPSON, is a Societe a Responsabilite Limitee, incorporated and existing under the laws of the Grand Duchy of Luxembourg. CVI is wholly owned by CarVal.

VIII.

Defendant, CarVal is a limited liability corporation registered in the Grand Duchy of Luxembourg and with its principal place of business in Minnesota.

**GENERAL BACKGROUND**

IX.

CVI entered into a vessel time charter party for the M/V SAMPSON with Oceanografia, S.A. de C.V. ("Oceanografia") dated November 16, 2012.

X.

Gulf and CVI entered into a Shipman 2009 Standard Ship Management Agreement (Exhibit A) with a commencement date of January 15, 2013, which agreement was amended (Exhibit B) on August 6, 2013, with the effective date of the amendment relating back to July 15, 2013.

XI.

Oceanografia entered into three public works agreements with PEMEX Exploracion y Produccion in which the M/V SAMPSON would be used.

3

XII.

Gulf was hired by defendants to assist in commissioning the M/V SAMPSON. This work was done by employees of Gulf, who comprised both the below deck crew and the above deck crew.

XIII.

Under the charter party between CVI and Oceanografia, CVI was to supply the below deck crew, which they did through Gulf, and Oceanografia was to supply the above deck crew.

XIV.

However, defendants were concerned whether Oceanografia had the required expertise to perform the activities required of the above deck crew, largely pipe laying and related activities.

XV.

Gulf is in the business of providing marine and related services and has fully trained personnel capable of efficiently providing the services required for this operation.

XVI.

Because of defendants' concerns, defendants requested that Gulf supply the above deck crew, consisting of approximately eleven employees from the United States, to perform various extra support activities and also to provide certain necessaries in conjunction with such. Some of these personnel were already aboard the M/V SAMPSON as part of the commissioning efforts.

XVII.

Gulf was to provide recommendations concerning safe and efficient operations to defendants and take instructions and directions from defendants only.

4

XVIII.

Pursuant to defendants' request, as an accommodation to defendants, Gulf agreed that it could be paid from defendants' trust into which PEMEX was supposed to deposit its payments to Oceanografia.

XIX.

Defendants also requested that Gulf invoice Oceanografia for the "Extra Support Services," which defendants had requested.

XX.

Although defendants had requested Gulf to invoice Oceanografia, plaintiffs made it clear that they were relying both upon the credit of the vessel and the guarantee of defendants that Gulf would be paid if Oceanografia failed to pay Gulf.

XXI.

Defendants acknowledged "their exposure under maritime law" and "their commitment to fulfill not only [their] obligations but also collaborate in any way so that [Gulf] may receive the funds owed by [Oceanografia]."

XXII.

Plaintiffs, as requested by defendants, issued invoice nos. 300426, 300440, 300445, 300454, 300455, and 300480 (Exhibit C) to Oceanografia with copies to defendants. There is no dispute that the services and necessaries reflected in the invoices were provided. The total amount for the services and necessaries is $3,574,305.92. Of this amount, initially $572,000.00 was paid, leaving a balance of $3,002,305.92.

XXIII.

These invoices were re-issued and addressed to CVI (Exhibit D).

XXIV.

On January 23, 2014, Oceanografia wire transferred to Cal Dive Offshore Contractors, Inc. $1,378,846.00 relating to the "Extra Support Services."

XXV.

Accordingly, plaintiffs are owed by defendants the principal amount of $1,623,459.92.

XXVI.

Despite demand, payment has not been made. The above gives rise to a maritime lien *in rem* pursuant to Rule C, both for crew wages to which claim plaintiffs are subrogated by payment, and for necessaries, and a right *in rem* pursuant to Rule B for the amount claimed, plus interest and costs.

XXVII.

Defendants cannot be found within the district within the meaning of Rule B.

XXVIII.

However, property belonging to the defendants, specifically, the M/V SAMPSON, her engines, tackle, appurtenances, equipment, etc. is or will be located within this district and subject to attachment pursuant to Rule B.

XXIX.

All and singular, the premises are true and correct and within the admiralty and maritime jurisdiction of the United States and this Honorable Court.

XXX.

Pursuant to local rules, plaintiffs agree to hold the United States Marshal and all of his deputies harmless from any and all liability as a result of seizing or attaching this vessel.

WHEREFORE, plaintiffs pray that:

1. Process in due form of law, according to the rules and practices of this Honorable Court, may issue against the M/V SAMPSON, her engines, tackle, appurtenances, equipment, etc., *in rem*, pursuant to Rule C and that all persons claiming an interest in said vessel be required to appear and answer under oath all and singular the matters aforesaid;

2. As defendants cannot be found within the district pursuant to Rule B, then their goods, property and credits within the district, including, the M/V SAMPSON, her engines, tackle, appurtenances, equipment, etc., be attached in amounts sufficient to answer plaintiffs' claim, with interest and costs;

3. After due proceedings, plaintiffs may have a decree against defendants *in personam*, and the M/V SAMPSON, *in rem*, for their damages in the amount of $1,623,459.92, plus interest and costs;

4. They receive such further and different relief which this Court may deem proper.

Respectfully submitted,

*/s/ Matthew R. Jackson*
JANNEA S. ROGERS (ROGEJ7403)
MATTHEW R. JACKSON (JACKM7882)
*Attorneys for Plaintiffs*

**OF COUNSEL:**
ADAMS AND REESE LLP
11 N. Water Street, Suite 23200
Mobile, Alabama 36602
(251) 433-3234 Main
(251) 438-7733 Fax
jannea.rogers@arlaw.com
matt.jackson@arlaw.com

[ *Verification of Complaint on Following Page* ]

## VERIFICATION OF COMPLAINT

I, Matthew R. Jackson, am an attorney with the law firm of Adams and Reese LLP, and I am counsel for plaintiffs. I verify under solemn affirmation that the facts alleged in the foregoing Verified Complaint are true and correct to the best of my knowledge and information based upon the records of plaintiffs made available to me by plaintiffs. The reason I make this declaration is that plaintiffs are foreign corporations with no officers or directors within this District.

I have personally inquired into the presence in the Northern District of Florida of defendants, CVI Global Lux Oil and Gas 4 S.a.r.l. and CarVal Investors, LLC and the website of the Secretary of State of Florida indicates that the defendants are not incorporated pursuant to the laws of the State of Florida and that the defendants are not registered to conduct business within the State of Florida, and have not nominated agents for service of process within the State of Florida.

I have inquired of Directory Assistance for area codes within the Northern District of Florida and have found that the defendants do not have a telephone listing in these area codes. To the best of my information and belief, based upon this investigation, the defendants cannot be found within the Northern District of Florida for purposes of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C. § 1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on September 24, 2014.

/s/ Matthew R. Jackson
MATTHEW R. JACKSON